[Civil No. 2222. Filed June 16, 1924.]

[226 Pac. 911.]

## A. B. GARDENHIRE, Appellant, v. IKE GLASSER, Appellee.

1. PUBLIC LANDS — DWELLING-HOUSE ON HOMESTEAD EXEMPT FROM LEVY.—A dwelling-house located upon a federal homestead is exempt from garnishment under Rev. Stats. U. S., section 2296 (U. S. Comp. Stats., § 4551).

2. EXEMPTIONS—STATUTES LIBERALLY CONSTRUED. — Exemption statutes construed liberally to give effect to the ultimate purpose and intent.

3. EXEMPTIONS—INSURANCE ON DWELLING, ON FEDERAL HOMESTEAD, EXEMPT UNDER STATE STATUTE.—Rev. Stats. Ariz., paragraph 3303, subsection 16, exempting all moneys arising from insurance upon exempt property, applies to proceeds of fire insurance on a dwelling-house located on a federal homestead, declared exempt by Rev. Stats. U. S., section 2296 (U. S. Comp. Stats., § 4551), since, not having so stated, the court could not assume that it applied only to exemption as defined by state law.

APPEAL from an order of the Superior Court of the County of Yuma. Fred L. Ingraham, Judge. Order reversed.

Mr. Henry C. Kelly, for Appellant.

Mr. Clement H. Coleman, for Appellee.

LYMAN, J.—A writ of garnishment was levied upon a debt due the appellant Gardenhire from an

---

1.   See 13 R. C. L. 540.
2.   See 11 R. C. L. 492; 13 R. C. L. 547.
3.   See 11 R. C. L. 532.
     See 25 C. J. 10, 84; 32 Cyc. 1082.

insurance company, as proceeds of a fire insurance policy covering the dwelling-house of Gardenhire, situated upon an unpatented homestead, claimed and occupied by himself and family under the provisions of the federal homestead statutes. Revised Statutes of the United States, par. 2289 (U. S. Comp. Stats. § 4530).

This fund was claimed by Gardenhire as exempt, and disallowed. Revised Statutes of the United States, par. 2296 (U. S. Comp. Stats., § 4551); Revised Statutes of Arizona, par. 3302, subdiv. 16.

Whether or not the creditors of the homesteader may subject that fund, while it is in the hands of the insurance company, to the payment of their claims against the homesteader, is the only question raised by this appeal. The question is unobscured by any collateral or qualifying issue.

The exempt character of a dwelling-house located upon a federal homestead cannot be questioned. *Estate of Harris,* 16 Ariz. 1, Ann. Cas. 1916A, 1175, 140 Pac. 825; *Faull* v. *Cooke,* 19 Or. 455, 20 Am. St. Rep. 836, 26 Pac. 662; *Towner* v. *Rodegeb,* 33 Wash. 153, 99 Am. St. Rep. 936, 74 Pac. 50. It is only when in place of a dwelling the proceeds of an insurance policy growing out of the fire, have taken the place of the building itself that any uncertainty arises as to its exemption. In the absence of any statute directly declaring such a fund to be exempt, the courts of most jurisdictions, applying the principle of construction to this statute which is applied to all exemption statutes of a liberal construction designed to give effect to the ultimate purpose and intent of such legislation, have held that the exempt character of the building was transferred to the indemnity arising from its loss, until, at least, it had passed into the hands of the insured. That construction is accepted by text-writers and courts as the general rule, to which there are few exceptions.

Thompson on Homesteads and Exemptions, 750; *Houghton* v. *Lee,* 50 Cal. 101; *Probst* v. *Scott,* 31 Ark. 652; *Armstrong* v. *Round,* 106 Kan. 146, 9 A. L. R. 1255, 186 Pac. 979; *Reynolds* v. *Haines,* 83 Iowa, 342, 32 Am. St. Rep. 311, 13 L. R. A. 719, 49 N. W. 851; *Fletcher* v. *Staples,* 62 Minn. 471, 64 N. W. 1150; *Puget Sound Dressed Beef & Packing Co.* v. *Jeffs,* 11 Wash. 466, 48 Am. St. Rep. 885, 27 L. R. A. 808, 39 Pac. 962; *Strouse* v. *Becker,* 44 Pa. 206; *Westchester Fire Ins. Co.* v. *Goggan* (Tex. Civ. App.), 203 S. W. 163.

In this state, however, the question is open to judicial construction. The legislature has enacted this rule into statute so plain and explicit in its terms as to leave no occasion for uncertainty:

"All moneys arising from fire or other insurance upon any property exempt from sale on execution." Revised Statutes of Ariz., par. 3302, subsec. 16.

Appellee undertakes to avoid the effect of this statute by assuming that it applies only to such exemptions as are defined by state law. The statute says nothing of the sort. Such a construction involves reading into it something which the legislature has not placed there. The legislature might, of course, have limited the operation of this statute to loss of such property as was declared to be exempt by the state law, as some states have done; but it did not do so.

Both the terms of the statute, and the reason for its enforcement, are quite as applicable to the exemption under the federal statutes as to exemption arising under the state law.

The order disallowing appellant's claim to exemption, and upon that ground overruling a motion to discharge the writ of garnishment against the California Insurance Company, is set aside, and the case is remanded to the superior court for such

further proceedings as may not be inconsistent with this opinion.

McALISTER, C. J., and ROSS, J., concur.