[Civil No. 2172.   Filed December 10, 1924.]

[230 Pac. 1102.]

CIRCLE. A CATTLE COMPANY, a Corporation, Appellant, v. R. G. LEWIS HARDWARE COMPANY, a Corporation, J. E. HOOD, as Sheriff of Cochise County, Arizona, and R. G. LEWIS, Appellees.

EXECUTION—SUBSEQUENT LIENORS REDEEMING FROM EXECUTION SALE OF JUDGMENT DEBTOR'S PROPERTY HELD NOT REQUIRED TO PAY PENALTY IMPOSED ON REDEEMING DEBTOR.—Under Civil Code of 1913, sections 1374, 1376, and particularly 1379, judgment creditors or subsequent lienors redeeming from prior execution sale of debtor's property are not required to pay eight per cent penalty in addition to sale price, which by that section is imposed on redeeming judgment debtor.

See (1) 23 **C. J.**, p. 718 (1926 Anno.).

APPEAL from a judgment of the Superior Court of the County of Cochise. Albert M. Sames, Judge. Reversed.

Mr. Francis M. Hartman, for Appellant.

Mr. John C. Gung'l and Mr. Ben Mathews, for Appellee R. G. Lewis Hardware Co.

Messrs. Ellinwood & Ross and Mr. John E. Sanders, for Appellee Hood.

Mr. J. T. Kingsbury, for Appellee Lewis.

ROSS, J.—This action was brought to determine who is entitled to the sheriff's deed to some mines and mining property sold under execution, and is between judgment lien creditors, to wit, R. G. Lewis Hardware Company, a corporation, and Circle A Cattle Company, a corporation. Besides these corporations R. G. Lewis, the assignee of the purchaser at the sale, and J. E. Hood, sheriff of Cochise county, are made parties. The property was sold on January 10, 1922, under an execution issued on a judgment for $1,849.21 entered July 9, 1921, in favor of H. A. Loudermilk, receiver, against the Gold Prince Mining & Milling Company, and bought in by the judgment creditor for $1,608. The sheriff's certificate of sale under the Loudermilk judgment and execution was assigned to R. G. Lewis, who was the owner and holder of said certificate during all the times herein and entitled to the redemption money or a deed if not redeemed.

On November 23, 1921, I. N. McAvoy obtained a judgment against the Gold Prince Mining & Milling Company for $11,015, which on said date (less a credit of $2,944.10) was assigned to the hardware company. On February 23, 1922, the cattle company obtained a judgment against the Gold Prince Mining & Milling Company for $125,000. On March 1, 1922, the hardware company obtained a judgment against the Gold

Prince Mining & Milling Company for $12,423.68. All these judgments were docketed in the lien docket of the superior court of Cochise county, and became liens against the mines and mining property of the judgment debtor in the order above given.

There is no question about the rights of the above-named judgment creditors to redeem from the sale of January 10, 1922, and there is no question but that their priorities are in the order above given; the McAvoy being the senior judgment lien and the others following, Circle A Cattle Company, and then the R. G. Lewis Hardware Company.

The sole question is whether the hardware company, assignee of the McAvoy judgment lien, did those things the law makes requisite and necessary to entitle it to redeem. It is the contention of the cattle company that the hardware company did not tender or pay to the sheriff the amount of money required under the law, and consequently lost its right to redeem. Paragraph 1379, Civil Code of 1913, provides:

"In redeeming property sold the judgment debtor shall pay the amount for which the property was sold, together with eight per cent added thereto; and each subsequent redemptioner shall pay the amount for which the property was sold, plus the amount of the lien thereon of the one or ones who may have redeemed the same theretofore."

As above stated, the property sold for $1,608. The amount paid the sheriff by the hardware company for redemption was $1,690. The appellant cattle company claims that the latter sum was insufficient, and construes paragraph 1379 as meaning that the judgment redemptioner should have added eight per cent to the $1,608 and paid to the sheriff $1,736.64. The trial court took the same view, and held that the hardware company had not redeemed, since the sum

paid the sheriff was not "the amount for which the property was sold together with eight per cent added thereto." The court also held that the cattle company had not brought itself within the law so as to be entitled to redeem, leaving it as though no one had tried to redeem. The court accordingly held that R. G. Lewis, the assignee of the purchaser, was entitled to a deed of the property, and directed the sheriff to give him such deed. The cattle company appealed from this judgment.

We think the court did not get the meaning of paragraph 1379, *supra,* and it is apparent from the briefs of counsel on both sides that the correct meaning of such paragraph was not discovered and called to the court's attention, for in such briefs both proceed on the theory that a redemptioner must pay, not only the amount for which the property sold, but in addition eight per cent thereof in order to redeem. In the oral argument one of the counsel admitted as much, and frankly stated that upon reflection and investigation he had become satisfied the case was tried upon the wrong theory, and gave to us the benefit of his conviction with which we are so well satisfied that we adopt it as the proper interpretation of the statute. The statute needs no construction. It speaks for itself and in no uncertain way. It plainly states that in redeeming the property sold the judgment debtor shall pay the amount for which the property was sold and eight per cent added thereto. A judgment debtor and his successor in interest may under the statute redeem, but they are not the same as redemptioners. Paragraph 1374, Civil Code. The law, for some reason, has placed them in a different class. One reason, at least, is made manifest in paragraph 1379, wherein the judgment debtor in redeeming the property sold is burdened with a penalty of eight per cent in addition to sale price, whereas a redemp-

tioner, if the owner of the senior lien, is required to pay only the sale price, and, if the owner of subsequent lien, then such amount plus the amount of lien of the one or ones who may have theretofore redeemed the same. Paragraph 1376, Civil Code. In other words, each creditor is made whole. He gets the amount of his lien and any additional sum he may have been compelled to pay to redeem.

The cattle company, in order to redeem, should have paid or tendered the sheriff the purchase price of the property at the execution sale and in addition thereto the amount of the judgment lien held by the hardware company as assignee of McAvoy. Its tender or payment to the sheriff was little in excess of the purchase price under the Loudermilk execution, and was far short of the necessary amount under the law.

The judgment of the trial court should have been in favor of the hardware company, since the unquestioned evidence is that it was the assignee of the senior judgment lien and had paid in to the sheriff an amount in excess of the price for which the property had sold, and had done everything the law required to entitle it to redeem.

We accordingly reverse said judgment, and send the case back, with directions that judgment be entered directing the sheriff of Cochise county to pay redemption money to R. G. Lewis, and to execute and deliver to the R. G. Lewis Hardware Company a deed of said property, in the manner and form prescribed by law.

McALISTER, C. J., and LYMAN, J., concur.