210 P.2d 963

**McFARLAND et ux. v. PRUITT.**

No. 5157.

Supreme Court of Arizona.

Oct. 24, 1949.

be followed when the appraised value exceeds $4,000.

A declaration of homestead, resulting from an action wherein these defendants (appellants) became the judgment creditors, was recorded by the judgment debtors. Thereafter their homestead sold for $4,500 cash and the plaintiff herein, as sheriff of Cochise County, paid to the owners of the homestead (judgment debtors) the sum of $4,000. The purchasers at the sale were these identical judgment creditors.

Before the period of redemption had expired, the judgment debtors served notice on plaintiff, as sheriff, of their intention to redeem and tendered him the sum of $4,500, plus 8% penalty on $500, being $40. The plaintiff-sheriff accepted said amount and executed a certificate of redemption to the judgment debtors on that date, which certificate was recorded in the office of the county recorder of Cochise county. Thereafter the plaintiff-sheriff tendered to the attorneys for judgment creditors the sum of $4,500, being the purchase price at the sheriff's sale, plus the 8% penalty on $500. The attorneys for these judgment creditors refused said sum on the ground that it was insufficient under Section 24-305, supra, the contention of said attorneys being that their clients were entitled to the sum of $4,860, being 8% of $4,500. Thereafter the said plaintiff-sheriff brought this action to determine whether he had tendered the proper amount provided under Section 24-305, supra, or whether the defendants were enti-

Richey & Herring, of Douglas, for appellants.

David J. Marks, County Attorney, Wesley E. Polley, Chief Deputy County Attorney, of Bisbee, for appellee.

STANFORD, Justice.

Action was brought in the trial court by plaintiff (appellee) seeking a declaratory judgment construing Section 24-305, Arizona Code Annotated, 1939, entitled "Amount to be paid upon redemption" and Section 24-505 (id.) authorizing an appraisal of a claimed homestead and the procedure to

tled to the purchase price of $4,500, plus 8% penalty.

The action was tried without a jury and judgment was rendered for the plaintiff, to the effect that the purchasers at the sale were not entitled to any penalty on the first $4,000 of the purchase price, upon the redemption by these particular redemptioners.

From the judgment, notice of appeal was filed by defendants. Defendants offer the following assignment of error:

"1. The Court erred in entering judgment for the plaintiff, I. V. Pruitt in that said judgment based on the stipulated statement of facts was contrary to law.

"(a) The court found, as a matter of law, that under Section 24-305, A.C.A.1939, a judgment debtor who has filed a declaration of homestead valued at more than the sum of Four Thousand Dollars ($4,000.00) and not subject to the division without material injury, may redeem such property after execution and sale by the payment of the execution purchase price and a penalty of Eight (8) per cent on the difference between said purchase price and the said Four Thousand Dollars ($4,000.00) homestead exemption.

"(b) In order to place the construction on Section 24-305, A.C.A.1939, indicated in Paragraph (a) above, the Court found, as a matter of law, that the term 'legal process', as used in Section 24-505, A.C.A.1939, included (precluded) the imposition of the Eight (8) per cent penalty provided the imposition of the Eight (8) per cent penalty provided in Section 24-305, A.C.A.1939 * * *."

These code sections read as follows:

"24-305. Amount to be paid upon redemption.—In redeeming property the judgment debtor shall pay the amount of the purchase price with eight (8) per cent added thereto, together with the amount of any assessments or taxes which the purchaser may have lawfully paid thereon after purchase and interest on such amount; and each subsequent redemptioner shall pay the aggregate of all such amounts plus the amount of the lien thereon of the ones who may have redeemed the same theretofore. If the purchaser be also a creditor having a prior lien to that of the redemptioner, other than the judgment lien, the redemptioner shall pay, in addition to said amounts, the amount of such creditor's lien with interest. The payments may be made to the officer who made the sale."

"24-505. Plaintiff in execution may have appraisal of homestead—Procedure.—* * If the appraisers find the value of the land exceeds the sum of four thousand dollars ($4,000), over and above all liens and encumbrances, and that it can not be divided without material injury, they shall so report to the officer, and in that case the officer may sell all the land claimed, and out of the proceeds arising therefrom he shall first pay four thousand dollars ($4,000) to the defendant, to be exempt from all legal process, and the residue of the money aris-

ing from such sale, or so much thereof as necessary, shall be applied in satisfaction of the execution. * * *"

It is the contention of plaintiff that "The sole question before this court is whether or not the $4,000 exemption created by the homestead act should bear an 8% penalty or whether the 8% penalty should be limited to the $500 in excess of the exemption." The trial court was of the opinion that the 8% penalty is to be assessed only on the amount of sale price above the $4,000 exemption.

■ Plaintiff quotes from the case of Union Oil Co. v. Norton-Morgan Commercial Co., 23 Ariz. 236, 202 P. 1077, 1079: "* * * We think the dominant idea under our law is to save exempt to the family the amount of money therein designated as the value of a homestead. * * *"

As an abstract proposition this statement is correct as far as it goes.

Section 24-505, supra, is included in the chapter relating generally to "Homestead Exemptions" and, in part, reads: "* * * and out of the proceeds arising therefrom *he shall first pay* four thousand dollars ($4,000) to the defendant, to be exempt from all *legal process,* and the residue of the money arising from such sale, or so much thereof as necessary, shall be applied in satisfaction of the execution. · * * *" (Emphasis supplied.) There is no special section under this chapter in reference to the redemption of a homestead. Reference must

be had to Section 24-305 under Article 3 of Chapter 24. The chapter heading is "Execution of Judgments". Article 3 relates generally to "Redemptions". "Homestead Exemptions" are provided for under Article 5 of Chapter 24 (supra).

The judgment debtors voluntarily came in after receipt of their $4,000, and under Section 24-305, supra, offered to redeem the homestead by paying the sum of $4,000, plus penalty on $500, the amount of the purchase price in excess of $4,000, and did not tender the penalty required under said Section 24-305, supra, wherein it says, "In redeeming property the judgment debtor shall pay the amount of the purchase price with eight (8) per cent added thereto, together with the amount of any assessments or taxes which the purchaser may have lawfully paid thereon after purchase and interest on such amount; * * *."

■ Where Section 24-505, supra, states that the first $4,000 resulting from the sale for a homestead should "* * * be exempt from all legal process * * *", it means that no process (as attachment, lien, levy, etc.,) shall issue to mar or disturb the rights of the homesteader to hold and retain the $4,000 in lieu of the homestead itself. A taking by "legal process" contemplates with the force of the sovereign. The act of the redeemer is voluntary under the redemption statute, and he incurs the penalties provided of his own volition and free will.

The land lost its identity as a homestead when under our law it was appraised and sold and its owners were paid $4,000 in lieu of the real property. So the owners may not now say that they are redeeming their homestead, rather they are redeeming property which had been theirs and which the statute gives them the right to redeem.

While this court has not spoken on the fact situation presented, it is of help to quote from Circle A, Cattle Co. v. R. G. Lewis Hardware Co., 27 Ariz. 106, 230 P. 1102, 1103: "* * * The statute needs no construction. It speaks for itself and in no uncertain way. It plainly states that in redeeming the property sold the judgment debtor shall pay the amount for which the property was sold and 8 per cent. added thereto. A judgment debtor and his successor in interest may under the statute redeem, but they are not the same as redemptioners. Paragraph 1374, Civil Code. The law, for some reason, has placed them in a different class. One reason, at least, is made manifest in paragraph 1379, wherein the judgment debtor in redeeming the property sold is burdened with a penalty of 8 per cent. in addition to sale price, whereas a redemptioner, if the owner of the senior lien, is required to pay only the sale price, and, if the owner of subsequent lien, then such amount plus the amount of lien of the one or ones who may have theretofore redeemed the same. Paragraph 1376, Civil Code. In other words, each creditor is made whole. He gets the amount of his lien and any additional sum he may have been compelled to pay to redeem."

It is the opinion of this court that the controlling statute is Section 24-305 and is applicable to all redemptioners, including the owner of a homestead which has been sold under an execution sale. In the instant case the plaintiff-sheriff should have demanded from the redemptioners and paid over to the purchasers at the sale upon the attempted redemption, "* * * the amount of the purchase price with eight (8) per cent added thereto, together with the amount of any assessments or taxes which the purchaser may have lawfully paid thereon after purchase and interest on such amount; * * *."

Accordingly the judgment is reversed and the cause remanded to the Superior Court of Cochise county with instructions to enter a judgment in accordance with the pronouncements herein made.

LA PRADE, C. J., and UDALL, PHELPS and DE CONCINI, JJ., concur.