**In re Helen Marie PLANT, Debtor.**

**Helen Marie Plant, Movant,**

v.

**Lothar Goernitz, Chapter 7 Trustee, Respondent.**

No. 02–04047–PHX–SSC.

United States Bankruptcy Court, D. Arizona.

Feb. 10, 2003.

Patricia Doyle–Kossick, Patricia Doyle–Kossick, PLC, Tempe, AZ, for creditor.

Douglas C. Fitzpatrick, Sedona, AZ, for debtor.

Trudy A. Nowak, Office of the U.S. Trustee, Phoenix, AZ, U.S. Trustee.

## MEMORANDUM DECISION

SARAH SHARER CURLEY, Chief Judge.

### I. INTRODUCTION

This matter comes before the Court on the Debtor's "Motion for Declaratory Relief Re: Exempt Status of Proceeds of Judgment Satisfaction" filed November 22, 2002. The Chapter 7 Trustee, Lothar Goernitz, filed his response on January 3, 2003. On January 6, 2003, this Court conducted oral argument on the matter. The

Court took the matter under advisement at the conclusion of the hearing.

In this Memorandum Decision, the Court has set forth its findings of fact and conclusions of law pursuant to Rule 7052 of the *Rules of Bankruptcy Procedure*. The issues addressed herein constitute a core proceeding over which this Court has jurisdiction. 28 U.S.C. §§ 1334(b) and 157(b) (West 2003).

## II. FACTUAL BACKGROUND

The Debtor filed for bankruptcy relief under Chapter 7 on March 20, 2002. The Debtor disclosed the existence of her cause of action against Jentra, Ltd. on her bankruptcy schedules.[1] The cause of action was not listed as an exempt asset, although the Debtor did claim a homestead exemption. The Debtor represented to the Trustee that Jentra had filed bankruptcy and that it was unlikely that any recovery would be obtained from Jentra.[2] Based on that information, the Trustee did not pursue the matter further. The Debtor proceeded with her bankruptcy case, and on August 7, 2002, obtained a discharge. The Court entered an order closing the case on August 21, 2002.

Subsequently, on October 24, 2002, the Debtor obtained a nonallocated $15,000 settlement from Jentra. After being informed of this fact, the Trustee filed a "Motion to Reopen the Case" on November 7, 2002.[3] The Trustee seeks to have the entire settlement amount turned over to the bankruptcy estate as nonexempt property.

## III. DISCUSSION

The Debtor contends that the settlement proceeds from Jentra should be deemed exempt, and not property of the bankruptcy estate under 11 U.S.C. § 541. The settlement proceeds relate to work negligently performed on her home and, hence, affect her homestead exemption.

Homestead laws should be interpreted liberally to advance the objectives of the statutes, the fundamental purpose of which is to protect the family against the forced sale of home property from certain creditors. *Matcha v. Winn,* 131 Ariz. 115, 638 P.2d 1361 (1981); *Gardenhire v. Glasser,* 26 Ariz. 503, 226 P. 911 (1924). Since homesteads are purely creatures of statute, the statute must be reviewed to determine the meaning of homestead; and if the statutory language is plain, the courts must follow it. *Wuicich v. Solomon–Wickersham Co.* 18 Ariz. 164, 157 P. 972 (1916).

The Debtor did not cite, and the Court has not found, any precedent within the Ninth Circuit on this issue. The Debtor does, however, rely on A.R.S. § 33–1126(A)(5)[4]. As noted by the Trustee, the Debtor's reliance on the statutory language of A.R.S. § 33–1126 is misplaced. Section 33–1126 relates to the exemption of **personal property**. Prior to the 1976 amendments to A.R.S. § 33–1126, Section 5 read as follows:

> A. The following property of a debtor shall be exempt from execution, attachment or sale on any process issued from any court:...
>   5. All money arising from any claim for the destruction of, or damage to, exempt property and all proceeds or benefits of any kind arising from fire or other insurance upon any property exempt under this article.

---

1. The claim against Jentra Ltd. was related to work that Jentra had failed to perform and/or negligently performed on the Debtor's home.

2. *See* Trustee's Response; Docket Entry No. 21.

3. *See* Docket Entry No. 12.

4. A.R.S. § 33–1126(a)(5) provides in pertinent part:

All money arising from fire or other insurance upon any property exempt from sale on execution.

The section has been amended,[5] and has importantly added the language "under this article" at the end thereof. The word "article" refers to Article 2, Chapter 8, Title 33, which only pertains to personal property exemptions. As such, Section 33–1126 deals specifically with exempt money proceeds as to personal property; nowhere does the language refer to money arising from the damage to homestead property.

■ There is no comparable language in the homestead statutes. *See* A.R.S. § 33–1101 *et seq.* If the Legislature wished to include the proceeds of damage claims relating to homesteaded property, it would have done so in its revisions of the homestead and personal property exemptions. As noted by this Court in the decision of *In re Hoffpauir,* 125 B.R. 269 (Bankr. D.Ariz.1990):

> The Legislature's omission of words of unmistakable meaning which it used in other enactments compels the conclusion that the omission was intentional." [quoting *Richman v. Pratt,* 174 N.J Super. 1, 414 A.2d 1371, 1372 (N.J. Super A.D.1980)]. The better argument is that the Statute to be reviewed must contain unequivocal language that the property, claim or asset is exempt. Moreover, A.R.S. § 33–1133(B) clearly states that Arizona debtors are only entitled to the exemptions set forth in the Constitution or Statutes of Arizona.

*Id.* at 271. Here the statutory language of A.R.S. § 33–1126(A)(5) limits the exemption to the proceeds of personal property. As such, it cannot be used to exempt the settlement proceeds from a damage claim relating to her residence. The plain and unambiguous language of the statute prevents such a construction. The Courts must apply the plain meaning of the statute and may not interpret the statute to create an exemption the legislature did not intend. *In re Hoffpauir,* 125 B.R. 269 (Bankr.D.Ariz.1990); *In re Webb,* 210 B.R. 266 (Bankr.E.D.Va.1997).

The Debtor also cites to *McFarland v. Pruitt,* 69 Ariz. 133, 210 P.2d 963 (1949) and *Union Oil Co. of Arizona v. Norton Morgan Commercial Co.* 23 Ariz. 236, 202 P. 1077 (Ariz.1922) as support for her proposition. In *Union Oil,* the holder of two judgment liens purchased homestead property at an execution sale. The plaintiff, Union Oil, successor-in-interest to the party who filed the homestead declaration, filed suit to quiet title to the property. The Court was presented with the issue of whether a judgment lien attached to the excess value over the amount of the homestead exemption. The Court noted that the homestead statutes were intended to preserve an amount of money equal to the value of the homestead exemption. As this Court stated at oral argument on January 6, 2003, there is no evidence to support any decline in the value of the Debtor's homestead as a result of Jentra's negligence. Moreover, the Debtor's claim of $100,000 for her homestead exemption remains unaltered. If the home is sold during the course of these proceedings, or subsequently, she will still be able to receive, up to the amount of $100,000, any net proceeds after payment of closing costs, any due and owing real property taxes, and any contractual liens against the property.

The Trustee also stated, at the January oral argument, that the settlement proceeds of $15,000 from Jentra related to more than just improper construction of

5. See note 4, *supra.*

the home. The settlement, however, has never been allocated, so it is impossible to tell what proceeds, if any, actually relate to the diminution of the value of the home.

In *McFarland*, the Plaintiff brought a declaratory judgment action to construe the predecessor to A.R.S. § 33–1105, entitled "Amount to be Paid Upon Redemption," and authorize an appraisal of a claimed homestead and the procedure to be followed when the appraised value exceeded the then homestead exemption amount. The Court held that the land redeemed lost its identity as a homestead when it was appraised and sold, and the owners were paid $4,000 in lieu of the real property. First, Arizona law has been amended to allow a claim of exemption in the amount of $100,000.[6] Second, it is difficult to see how the procedures relating to a claim of exemption on proceeds from a homestead after a forced sale relate to the current issues before this Court. The Trustee is not seeking a forced sale of the Debtor's property as a judgment lienholder. He is simply trying to receive the proceeds from a settlement of a tort claim. As such, the reasoning and rationale of the *Hoffpauir* decision relating to a personal injury tort claim, and the failure of said claim to be exempt under Arizona law, are more appropriate to the facts herein.

After reviewing the *McFarland* and *Union Oil* decisions, this Court concludes that both cases are factually and legally distinguishable from the case at bar. Neither case provides support for the Debtor's argument.

Based upon the foregoing, the Court must conclude that the Arizona statute concerning the exemption of the proceeds of certain personal property does not include the proceeds arising from a settlement relating to homestead property.

There is simply no comparable equivalent in the homestead statutes. Accordingly, the Debtor's Motion must be denied. The Court does note that the Debtor has not been deprived of an exemption. If the Debtor chooses to sell her home, she will be entitled to an exemption of up to $100,000 from any net proceeds received from the property.

### IV. CONCLUSION

Having concluded that the settlement proceeds are not covered by any applicable Arizona exemption statute, the Debtor's Motion is denied. Furthermore, the settlement proceeds are deemed property of the estate pursuant to 11 U.S.C. § 541(a)(1). The Court will execute a separate order incorporating this Memorandum Decision.